

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ZOYA COMPANY et al<br><br>Plaintiffs,<br><br>vs.<br><br>NIOS, INC.<br><br>Defendant. | Case No. 1:13cv780<br><br>**ANSWER** |

Nios, Inc., a New York corporation with a business address at 315 W. 57th Street Suite 308, New York, NY 10019 (referred to as "Defendant" or "Nios"), answers the above-captioned Complaint filed by Zoya Company (referred to as "Plaintiff" or "Zoya"). Unless specifically admitted, Nios denies each of the allegations of Zoya's Complaint.

1. Responding to Paragraph 1 of the Complaint, Defendant admits to using the trademark "NOYA" and denies the balance of allegations in the paragraph.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint, upon information and belief.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint, upon

information and belief.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Responding to Paragraph 5 of the Complaint, Defendant admits subject matter jurisdiction is based on a federal question.

6. Defendant denies that supplemental jurisdiction is proper, as alleged in Paragraph 6 of the Complaint.

7. Responding to Paragraph 7 of the Complaint, Defendant admits making one sale for $15.96 to one person who resides in the Northern district of Ohio.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations stated in Paragraph 9 of the Complaint, and on that basis, denies the allegations contained therein.

10. Defendant admits Plaintiffs' website appears to sell products as described in Paragraph 10 of the Complaint, but is otherwise without sufficient knowledge or information to form a belief as to the truth of the remaining allegations stated in said Paragraph, and on that basis, denies the allegations therein.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations stated in Paragraph 11 of the Complaint, and on that basis, denies the allegations contained therein.

12. Defendant asserts that it is not required to respond to the allegations contained in Paragraph 12 of the Complaint on the basis that doing so requires forming a legal conclusion.

13. Defendant admits that registration No. 1,863,005 on the USPTO online public database appears to belong to Zoya for the registration of "ZOYA" on the date specified.

14. Defendant asserts that it is not required to respond to the allegations contained in Paragraph 14 of the Complaint, on the basis that doing so requires forming a legal conclusion.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraphs 17 through 20 of the Complaint.

18. Defendant denies the allegations contained in Paragraphs 21 through 25 of the Complaint.

19. Paragraph 26 of the Complaint is strictly informational and requires no response.

20. Regarding allegations contained in Paragraph 27 of the Complaint, Defendant is not required to respond, since doing so required forming a legal conclusion.

21. Defendant admits the allegations contained in Paragraph 28 of the Complaint (upon information and belief).

22. Defendant asserts that it is not required to respond to the allegations contained in Paragraph 29 of the Complaint on the basis that doing so requires forming a legal conclusion.

23. Regarding the allegations contained in Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity therein.

24. Defendant denies the allegations contained in Paragraphs 31 through 33 of the Complaint.

25. Paragraph 34 of the Complaint is strictly informational and requires no response.

26. Defendant denies the allegations contained in Paragraphs 35 through 38 of the Complaint.

27. Paragraph 39 of the Complaint is strictly informational and requires no response.

28. Defendant denies the allegations contained in Paragraphs 40 and 41 of the Complaint.

29. Paragraph 42 of the Complaint is strictly informational and requires no response.

30. Defendant denies the allegations contained in Paragraphs 43 and 44 of the Complaint.

31. Paragraph 45 of the Complaint is strictly informational and requires no response.

32. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

33. Regarding allegations contained in Paragraph 47 of the Complaint, Defendant admits no money has been paid to Zoya, and denies the balance of allegations therein.

34. Defendant denies the allegations contained in Paragraphs 48 through 50 of the Complaint.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

### Defendant's First Affirmative Defense

This Court Lacks Personal Jurisdiction over Defendant on the basis that; (1) facts of the case are insufficient to meet the requirements of Ohio's long-arm statute under R.C. §2307.382; and (2) Defendant has insufficient contacts with the state of Ohio such that haling Nios into court

in Ohio violates its due process rights under the Fourteenth Amendment of the United States Constitution.

### Defendant's Second Affirmative Defense

Supplemental jurisdiction is improper in this case and all state law claims are barred.

### Defendant's Third Affirmative Defense

Plaintiffs cannot demonstrate that a significant part of the events giving rise to the claims alleged in the Complaint occurred in the Northern District of Ohio. Thus, venue is improper, unreasonable, fundamentally unfair and unduly burdensome to Nios.

### Defendant's Fourth Affirmative Defense

Plaintiffs' allegations are insufficient and fail to state plausible facts upon which relief can be granted.

### Defendant's Fifth Affirmative Defense

Plaintiffs have abandoned rights to enforce the ZOYA trademark against Nios, having suggested Defendant adopt of the term "D'Noya" for its trademark, and having allowed extensive use by third parties of similar marks and trademarks in the field of beauty and personal care products (e.g. GOYA, POYA, JOYA, VOYA, and OYA), thereby weakening or abandoning Plaintiffs' trademark interests in ZOYA. As such, Plaintiff should be barred by estoppel from bringing the present Complaint.

### **Defendant's Sixth Affirmative Defense**

Attorneys' fees and punitive damage awards are not permissible in this case, since no contract provides for them, nor do Plaintiffs properly allege, nor can they prove, that they are entitled to such awards by statutory relief.

WHEREFORE, Defendant requests the Court to dismiss the Plaintiffs' Complaint with prejudice, and in the alternative, to enter an Order and declaratory judgment that NOYA does not infringe ZOYA, and awarding Defendant its attorney fees and costs, and granting all such other relief to which Defendant may be entitled.

Respectfully submitted,

Dated: May 10, 2013

By: _____
Heidi L. Pliam
heidip@ingenalaw.com
612-781-4426

INGENA LAW PROFESSIONAL CORP
222 9th Street South, Suite 1600
Minneapolis, MN 55402