# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **Zoya Company et al.,** | ) | **Case No. 1:13-cv-00780-DCN** |
| | ) | |
| **Plaintiff(s),** | ) | **Judge Donald C. Nugent** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **NIOS, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter comes before the Court on Defendant Nios Inc.'s ("Nios") Motion to Dismiss on the basis of lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2) and 12(b)(3). ECF #11. For reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

## I.STATEMENT OF FACTS

Plaintiff Zoya is an Ohio based corporation with its principal place of business in Bedford Heights, Ohio. Compl. ¶ 2. Zoya sells products such as nail polish and lip gloss under the ZOYA mark throughout the United States and internationally. Compl. ¶¶ 9-12. Zoya has had a federal registration, U.S. Registration No. 1,863,005, for the ZOYA mark since November 15, 1994 and its ownership of the trademark cannot be challenged under 15 U.S.C. § 1065. *Id.* ¶¶ 13-14.

On April 9, 2013, Zoya filed suit against NIOS, Inc. alleging that Nios started selling cosmetic products using the "Noya" term, and that such use by Nios is likely to confuse others into thinking that NIOS is affiliated with, connected to, or associated with Zoya. *Id.* ¶¶ 15-25. As a result, Zoya is seeking relief for 1) trademark infringement under the Lanham Act 15 U.S.C. § 1114 and 1125; 2) Cyberpiracy under the Lanham Act 15 U.S.C. § 1125(d); 3) Violations of the

Ohio Deceptive Trade Practices Act Ohio Revised Code § 4165.01, *et seq*; 4) Unfair competition; and 5) Unjust enrichment. *Id.* ¶¶ 26-50. Zoya seeks both monetary damages, including compensatory and punitive damages, and injunctive relief. *Id.* at 8.

Nios, Inc. is a New York corporation with a business address in New York City. Answer at 1. Nios admits that it has been using the Noya designation when selling cosmetic products, but denies the intent to mislead and confuse customers and trying to capitalize on the ZOYA brand recognition. *Id.* ¶ 1. Nios also raised six affirmative defenses in its answer, including that this Court lacks personal jurisdiction and is an improper venue. Answer at 4-6.

Prior to using the NOYA trademark, Nios sought a trademark legal opinion to determine infringement risk of adopting NOYA for cosmetics sales; the trademark opinion letter by attorney Michael Sheena did not identify the ZOYA trademark as an infringement risk. Affidavit of Joshua Gordon ¶¶ 20-21. Afterwards, on June 4, 2012, Nios filed an Intent-to-Use trademark application with the USPTO for "NOYA" (USPTO Serial Number 85642689). On October 10, 2012, the USPTO approved the NOYA trademark application for publication. *Id.* at ¶ 2. Pursuant to 15 U.S.C. § 1052(2) (d), the USPTO's approval included a determination that NOYA and ZOYA can co-exist for the sale of cosmetics. *Id.* at ¶ 4.

In November 2012, Nios began selling its NOYA lip balm products—to date, no other products have been sold under the NOYA brand in stores. Ex. A ¶ 5.  NOYA products are currently sold in approximately 150 stores in New York State, 19 stores in New Jersey, 2 stores in Chicago, and 0 stores in Ohio. *Id.* at ¶ 6.  Nios estimates that 87% of its revenue comes from sales in New York, and about .0004% of total revenue from Ohio. *Id.* at ¶ 7. Furthermore, approximately 99% of NOYA products are sold in brick-and-mortar stores, and less than 1% are

2

sold online. *Id.* To date, Nios has only made three online sales, two of which were to individuals affiliated with Nios's employees, and one of which was to Plaintiffs' investigator in the amount of $15.96. *Id.* at ¶¶ 10-19.

Nios has a Terms and Conditions page on its website, which includes a clause that specifies New York as having exclusive jurisdiction for disputes arising with regard to Nios and its NOYA products. *Id.* at ¶¶ 12-13. Nios has never maintained an office in Ohio, and, with the exception of the singular online sale, has no other direct or persistent contact with Ohio. *Id.* at ¶¶ 10a-10m.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a case for lack of personal jurisdiction. Once the defendant makes such a motion, the plaintiff bears the burden of proof that the Court does indeed have personal jurisdiction over the defendant. *Air Prods. and Controls, Inc. v. Safetech Intern., Inc.,* 503 F.3d 544, 549 (6th Cir. 2007). Furthermore, if the Court relies solely on written submissions to resolve a Rule 12(b)(2) motion, the plaintiff's burden is "relatively slight"—the plaintiff need only make a prima facie showing of personal jurisdiction in order to quash defendant's motion. *Theunissen v. Matthews d/b/a Matthews Lumber Transfer,* 935 F.2d 1454, 1458 (6th Cir. 1991).

The trial court must view the pleadings and affidavits in the "light most favorable" to the non-moving party, but the "defendant's undisputed factual assertions may be considered." *Air Prods.,* 503 F.3d at 549. Finally, under Ohio law, "personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov,* 667 F.3d 705, 711 (6th Cir.

3

2012). Accordingly, Plaintiff Zoya must demonstrate that both due process and Ohio's long-arm statute are satisfied regarding Defendant Nios.

III.<b>LAW AND ARGUMENT</b>

This Court can establish personal jurisdiction over Defendant Nios if: 1) Ohio's long-arm statute, O.R.C. § 2307.382, permits jurisdiction; and 2) exercising jurisdiction does not deprive Nios of its due process rights under the Fourteenth Amendment. *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc*., 68 Ohio St.3d 181, 183-184 (Ohio Sup. Ct. 1994).

**A.      Ohio's Long Arm Statute Confers Personal Jurisdiction Over Defendant Nios.**

Plaintiff argues that Ohio's long-arm statute, O.R.C. § 2307.382(a), grants this Court personal jurisdiction over Defendant Nios, Inc. because Defendant a) transacts business in Ohio and b) caused tortious injury to Plaintiff in Ohio. ECF # 14 at 4-6. O.R.C. § 2307.382 specifies, in part, that:

> (a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the *purpose of injuring persons*, when he might *reasonably have expected that some person would be injured thereby in this state*. (Emphasis added).

This Court has personal jurisdiction over Nios Inc. under O.R.C. § 2307.382(a)(1). The explicit language of 2307.382(a)(1) indicates "any" transaction as being sufficient to establishing personal jurisdiction over Defendant Nios in the State of Ohio—this section is broadly worded, yet should be resolved

4

on "highly particularized fact situations, thus rendering any generalization unwarranted." *Clark v. Connor*, 82 Ohio St.3d 309, 312 (Ohio Sup. Ct. 1998). While Defendant Nios argues that fixating on a singular sale orchestrated by Plaintiff Zoya in establishing personal jurisdiction would be against public policy and would further promote manufactured sales by Plaintiffs elsewhere with the sole objective of gaining personal jurisdiction, such concerns are premature and do not override the literal meaning of § 2307.382(a)(1). Accordingly, this Court has personal jurisdiction over Defendant Nios. Because this Court finds personal jurisdiction under § 2307.382(a)(1), no further analysis on the rest of the potential applicable sections of § 2307.382 is necessary.

**B.      Exercising Personal Jurisdiction Over Defendant Would Violate Defendant's Due Process Rights Under the Fourteenth Amendment.**

In addition to determining whether Ohio's long-arm statute confers personal jurisdiction over Nios, this Court must also analyze whether exercising such jurisdiction over Nios would deprive Nios of the right to due process pursuant to the Fourteenth Amendment. *U.S. Sprint*, 68 Ohio St.3d 181 at 183-184. The Supreme Court clarified that the Due Process standard of the United States Constitution requires that a nonresident Defendant must have "certain minimum contacts with the [forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Wash.*, *Office of Unemployment Compensation and Placement et al.,* 326 U.S. 310, 316 (U.S. 1945).  The due process analysis is

5

not mechanical or quantitative; it is instead satisfied depending upon the "quality and nature" of the activity. *Id.* at 319.

The minimum contact analysis used to establish specific jurisdiction consists of three parts: "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Miller v. AXA Winterhur Ins. Co.*, 694 F.3d 675 (6th Cir. 2012).

Purposeful availment is the first prong of the minimum contacts test, and requires a showing that defendant's contacts with the forum state result from defendant's own substantial connection with the forum state. *Harris v. Lloyds TSB Bank, PLC*, 281 Fed.Appx. 489, 494 (6th Cir. 2008). Put more simply, purposeful availment is required so that a defendant is not haled into court in a forum in which his contacts are the result of random, fortuitous, or attenuated events. *Id.*

Here, Plaintiff argues that Defendant has purposefully availed itself to Ohio's jurisdiction because Defendant sold its product to an Ohio resident—who had placed the order in Ohio through Defendant's website—and shipped the product into Ohio. Defendant counters that such a sale should not grant Ohio jurisdiction because it a) is a singular de minimis sale (accounting for only

6

0.0004% of Defendant's total revenue); 2) was orchestrated by Plaintiff's agent; 3) is the only Ohio sale—one of three internet sales, and the only one made over the internet to a party with no connection to Defendant's employees— and was so far out of the realm of regular business that Defendant normally carries out through brick-and-mortar sales in New York; and 4) was a sale made through the website which specifies in its "Terms and Conditions" page that "the exclusive jurisdiction for disputes arising with regard to Nios and its NOYA products shall be in New York." ECF # 11 at 6-16.

This Court agrees with Plaintiff's argument that, because the Defendant conscientiously made the (voluntary) decision to fulfill the purchase order placed through its interactive website and mail it into Ohio, Defendant did in fact end up targeting Ohio—and as such, purposefully availed itself to suit in Ohio. Fulfilling the order denoted the type of purposeful, deliberate contact that purposeful availment seeks to encompass. Additionally, because Plaintiff's primary place of business is Ohio, the effects of Defendant's alleged misconduct are arguably felt in Ohio. Under the *Calder* effects test, such an effect in Ohio would also establish personal jurisdiction. *Calder v. Jones*, 465 U.S. 783 (1984).

Establishing purposeful availment is not enough to establish personal jurisdiction; the cause of action in the instant case must arise from the Defendant's activities there. *Smucker Co. v. Weston Firm, P.C.,* 2013 WL 3713457 (N.D. Ohio 2013). Furthermore, the exercise of jurisdiction should be reasonable. *Id.* Plaintiff argues that the instant action arises out of Defendant's use

7

of the "infringing NOYA mark to advertise and sell lip balm products" in Ohio. ECF # 14 at 11. Defendant counters that the cause of action does not arise from any direct contacts with Ohio and that the exercise of jurisdiction in Ohio is unreasonable. ECF # 11 at 13-15.

This Court agrees with Defendant that it is unreasonable to exercise jurisdiction over Defendant in Ohio based on the singular internet sale for a trademark infringement claim under the circumstances of this case. Defendant sought and received a trademark legal opinion prior to adopting the NOYA mark; that opinion did not identify the ZOYA trademark as an infringement risk. Affidavit of Joshua Gordon at ¶¶ 2, 20-21. Furthermore, the USPTO approved the NOYA trademark application which would have included a determination by the USPTO that NOYA and ZOYA could co-exist for the sale of cosmetics. *Id.*; ECF # 11 at 2. This Court also considers Defendant's insistence on New York jurisdiction on the "Terms and Conditions" page on the website, combined with the fact that the purchase itself was made through the website, where the forum-selection clause would control so long as it is reasonable and is not a product of fraud or overreaching. ECF # 11 at 10; *Kennecorp. Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc. 610 N.E.2d 987, Supreme Court of Ohio, May 5, 1993.*

Since Defendant engaged in a good faith effort to ensure that use of the NOYA trademark would be lawful, and because it received such assurance from multiple sources, including the USPTO, it is unreasonable to hold that the

8

Defendant, in engaging in a sale with a Ohio resident, expected, or should reasonably have expected, to be haled into court in Ohio for use of an already-approved trademark. Accordingly, an Ohio court's exercising jurisdiction over Defendant would violate its Due Process rights.

The concept of general jurisdiction is that the forum state can exercise personal jurisdiction over a nonresident Defendant even if the cause of action does not arise from the Defendant's contacts with the forum state. *Conn v. Zakharov,* 667 F.3d 705 at 713 (6th Cir. 2012). However, in such a scenario, the volume and quality of the contacts must be such that the nonresident Defendant is "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (U.S. 2011). Here, Defendant's only meaningful contact with Ohio is the single $15.08 sale. ECF #11 at 3. Therefore, Defendant does not have the volume or quality of contacts for Ohio to exercise general jurisdiction over Defendant. *Goodyear v. Brown*, 131 S.Ct. 2846, 2851.

## **II.**CONCLUSION

For each of the foregoing reasons, Defendant's Motion to Dismiss for lack of personal jurisdiction is GRANTED. Moreover, because this Court finds that it lacks personal jurisdiction over Defendant, there is no reason to decide on Defendant's Motion to Dismiss for improper venue. This action is DISMISSED WITHOUT PREJUDICE.  IT IS SO ORDERED.

  /s/Donald C. Nugent
  DONALD C. NUGENT
  United States District Judge

DATED:   August 26, 2013